IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 23 WCM

| | |
|---|---|
| ALINE DUNCAN DUPRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) AND |
| | ) ORDER |
| ANDREW M. SAUL, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the Court on the parties' cross motions for summary judgment.[1] Docs. 13 & 15.

## I. Procedural Background

On November 20, 2015, Plaintiff filed applications for disability insurance benefits and supplemental security income. Transcript of Administrative Record ("AR") pp. 259-275. Plaintiff originally alleged a disability onset date of June 8, 2015, but later amended her alleged onset date to October 18, 2015. AR pp. 259, 266, 364-365 & 15.

Following denial of Plaintiff's claims on initial review and reconsideration, a hearing was conducted in Greenville, South Carolina, where

---

[1] The parties have consented to the disposition of this matter by a United States Magistrate Judge. Docs. 9 & 10.

Plaintiff appeared and testified. AR pp. 33-65.

On December 5, 2018, the Administrative Law Judge ("ALJ") issued an unfavorable decision. AR pp. 12-32. The Appeals Council denied Plaintiff's request for review of that decision and on January 23, 2020, Plaintiff timely filed the instant action. AR pp. 1-6; Doc. 1. Accordingly, the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual

functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

The ALJ determined that Plaintiff had the severe impairments of asthma, obesity, affective disorder, and anxiety disorder, and that Plaintiff had moderate limitations in the areas of (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing herself. AR pp. 17 & 19-20.

The ALJ found that Plaintiff had the RFC to perform medium work with certain physical and environmental restrictions, and was

> limited to simple, routine, and repetitive tasks, performed in a work environment free of fast paced production requirements, involving only simple, work-related decisions and with few, if any, workplace changes. The claimant is capable of learning simple vocational tasks and completing them at an adequate pace or persistence in a vocational setting. The

3

> claimant can perform simple tasks for two-hour blocks of time with normal rest breaks during an eight-hour workday. The clamant can have only occasional interaction with the public and coworkers.

AR p. 20.

Applying this RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and therefore that Plaintiff was not disabled from her amended alleged onset date (October 18, 2015) through the date of his decision (December 5, 2018). AR pp. 25-26.

## IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it

does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, the issue before the Court is not whether Plaintiff was disabled but, rather, whether the Commissioner's decision that she was not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Analysis

Plaintiff argues that the ALJ did not account adequately for her moderate limitations in concentration, persistence, and pace when developing her RFC. Additionally, Plaintiff contends that the ALJ improperly rejected testimony of Plaintiff and her father, as well as the limitations outlined in an Adult Third-Party Function Report completed by Plaintiff's husband.

### 1. Plaintiff's Concentration, Persistence, and Pace Limitations

An ALJ that finds a plaintiff has moderate limitations in concentration, persistence, or pace is not automatically required to include a corresponding limitation in the RFC. Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). Rather, under the Mascio standard, the ALJ has two (2) options. He may include a limitation in the RFC that accounts for the claimant's limitations in concentration, persistence, or pace, see e.g., Chesterfield v. Saul, 1:19-cv-90-MR, 2020 WL 249453, at * 3 (W.D.N.C. Jan. 15, 2020) (citing Davis v. Saul, No. 3:18-CV-00367-MR, 2019 WL 4233553, at *3 (W.D.N.C. Sept. 5, 2019)

(Reidinger, J.) (citing Williams v. Berryhill, No. 1:16-CV-00064-MR, 2017 WL 927256, at *6 (W.D.N.C. Mar. 8, 2017) (Reidinger, J.))(finding that an RFC limited to simple, routine tasks or unskilled work in a low stress or non-production environment, without more, does not adequately account for moderate limitations in concentration, persistence, and pace)), or, in the alternative, he may explain the decision not to limit Plaintiff's RFC further. Shinaberry, 952 F.3d at 121 (explaining that Mascio did not impose a categorical rule requiring a specific RFC regarding concentration, persistence, or pace and stating that an ALJ could explain why such a limitation was not necessary); Rivera v. Berryhill, No. 3:17-CV-00376-GCM, 2019 WL 355536, at *2 (W.D.N.C. Jan. 29, 2019).

Here, the ALJ found that Plaintiff was limited to "simple, routine, and repetitive tasks," "free of fast paced production requirements, involving only simple, work-related decisions and with few, if any, workplace changes." AR p. 20. Additionally, the ALJ found that Plaintiff was "capable of learning simple vocational tasks and completing them at an adequate pace or persistence in a vocational setting" and that Plaintiff could "perform simple tasks for two-hour blocks of time with normal rest breaks during an eight-hour workday." Id. Finally, the ALJ found that Plaintiff could have "only occasional interaction with the public and coworkers." Id. Therefore, the ALJ included specific findings in Plaintiff's RFC regarding her ability not only to understand

6

and apply information, but also to stay on task, adapt to changes in the workplace, and to interact with others.

The ALJ afforded "significant weight" to the opinions of the state agency consultants, Dr. April Strobel-Nuss and Dr. Darolyn Hilts, see AR pp. 74-77 & 88-91 (Dr. Strobel-Nuss); 107-110 & 124-27 (Dr. Hilts), and these opinions provide substantial evidence for Plaintiff's RFC. As the ALJ correctly noted, both Dr. Strobel-Nuss and Dr. Hilts found that Plaintiff was capable of performing simple, routine, repetitive tasks in a low stress, stable work environment with limited contact with coworkers, supervisors, and the public. See AR p. 23 (citing AR pp. 74-77, 88-91, 107-110, & 124-27).

When considering Plaintiff's ability to concentrate, persist, and maintain pace, Dr. Strobel-Nuss concluded that Plaintiff could "sustain concentration to carry out simple two-step tasks," AR pp. 75 & 89, and Dr. Hilts opined that Plaintiff was able to "perform simple tasks in a low stress setting." AR pp. 108 & 125. Both consultants further found that Plaintiff could "understand and remember simple, two-step instructions," "accept direction from supervisors and interact appropriately with coworkers in brief intervals," and could "cope with common workplace changes involved in the performance of simple tasks." AR pp. 75-76, 89-90, 108-109, 125-26.

Plaintiff asserts that her RFC "does not adequately account for the moderate limitations in understanding, remembering or applying information,

7

moderate limitation in interacting with others, moderate limitation in concentrating, persisting, or maintaining pace and moderate limitation in adapting or managing one's self." Doc. 14, p. 19. However, Plaintiff's RFC includes findings regarding Plaintiff's ability to stay on task, understand and apply information, adapt, and interact with others, such that "[t]he court is not left to guess" at the foundations for these findings. Pegg v. Berryhill, No. 1:16-cv-383-MOC, 2017 WL 3595487, at * 3 (W.D.N.C. Aug. 21, 2017); see also Finney v. Berryhill, No. 5:16-cv-188-MR, 2018 WL 1175229, at * 5 (W.D.N.C. March 6, 2018) ("where the ALJ cites specific evidence in the record that supports claimant's ability to work despite her moderate difficulties in concentration, persistence or pace, including specific facts about the claimant's activities of daily living and relevant medical testimony and evidence, this satisfies the requirements of Mascio.") (citing Williamson v. Colvin, No. 5:15-cv-70-GCM, 2016 WL 4992101 (W.D.N.C. Sept. 16, 2016), aff'd, Williamson v. Berryhill, 692 F. App'x. 738 (4th Cir. 2017)); Del Vecchio v. Colvin, No. 1:14cv116-RLV, 2015 WL 5023857, at * 6 (W.D.N.C. Aug. 25, 2015) (ALJ's explicit reliance on non-examining state agency consultant's mental functional capacity assessment adequately explained "why Plaintiff's limitations in concentration, persistence, or pace did not translate into any additional restrictions….").

Plaintiff does not explain what specific limitations should have been included in her RFC but contends generally that the psychological evidence reflects "serious continuing vocational limitations." Doc. 14, p. 21. However, such an assertion is insufficient to demonstrate that the ALJ erred. See Plummer v. Astrue, No. 5:11CV006-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) ("The claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC."), report and recommendation adopted, No. 5:11-CV-00006-RLV, 2012 WL 1858844 (W.D.N.C. May 22, 2012), aff'd, 487 Fed. App'x 795 (4th Cir. 2012).

### 2. Hearing Testimony and the Third-Party Report

Plaintiff additionally argues that her testimony, her father's testimony, and a Third-Party Function Report completed by Plaintiff's husband, "were not given appropriate consideration" by the ALJ. Doc. 14, p. 24. Plaintiff relies on her own testimony that she is unable to be around people, her father's testimony that she sometimes "couldn't really function at all" and is easily (and disproportionally) upset by people, and her husband's assertions in a Third-Party Report that Plaintiff has problems getting along with people, including authority figures. See Doc. 14, pp. 23-24 (citing AR pp. 46, 50, 54, 56, 318-19).

In his December 5, 2018 Decision, the ALJ noted Plaintiff's testimony that she did not like being around people, had no patience, and that she would "sometimes scream at people in public" but found that Plaintiff's statements

9

concerning the limiting effects of her symptoms were "not entirely consistent with the medical evidence and the other evidence in the record." AR p. 21. The ALJ also assigned "some weight" to her father's testimony and her husband's report. AR p. 24.

As discussed above, Plaintiff's RFC included limitations regarding her ability to interact with others. See AR p. 20 (limiting Plaintiff to occasional interaction with the public and coworkers). In developing that RFC, the ALJ noted that Plaintiff had reported pleasant interactions with others. See AR p. 23 (citing AR pp. 550 & 540 wherein Plaintiff reported she met a new friend in November 2017 and had lunch with a friend in May 2018); see also AR p. 24 ("The claimant was consistently polite and cooperative during appointments, was able to use public transportation, and reported several positive social interactions during the relevant period, including [having] lunch with a new friend in May 2018."). The ALJ also assigned "significant weight" to the state agency consultant's opinions that Plaintiff was able to work in an environment with limited contact with coworkers, supervisors, and the public. AR p. 23.

Plaintiff asserts that "[t]he limitation of functioning described in the testimony…and in the written function report both are vocationally significant, and should have been included in ALJ's Peace's analysis of the Plaintiff's functional capacity." Doc. 14, p. 24. However, the ALJ did discuss this testimony and the Third-Party Report and further included limitations in

Plaintiff's RFC regarding her ability to interact with others that were supported by substantial evidence.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for summary judgment (Doc. 13) is **DENIED** and the Commissioner's motion for summary judgment (Doc. 15) is **GRANTED.**

Signed: August 27, 2020

W. Carleton Metcalf
United States Magistrate Judge